ORANGE ENVIRONMENT, INC.;
Arthur E. Soons; Sandra Soons,
Plaintiffs–Appellees,

Hudson Riverkeeper Fund, Inc., Plaintiff–
Intervenor–Appellee,

v.

ORANGE COUNTY LEGISLATURE,
Defendant–Intervenor–Appellant,

Mary McPhillips, County Executive;
Orange County Department of Public
Works; Louis Cascino, Commissioner,
Defendants,

County of Orange, Defendant–Appellee.

No. 1789, Docket 93–7259.

United States Court of Appeals,
Second Circuit.

Argued July 15, 1993.

Decided Aug. 2, 1993.*

Filed Aug. 20, 1993.

Steven P. Solow (Robert F. Kennedy, Jr., Natural Resources Defense Council, of counsel), Daniel E. Estrin, Athena Tsakanikas and Marla E. Wieder, Legal Interns, Pace Environmental Litigation Clinic, White Plains, NY, for plaintiff-intervenor-appellee.

Eric Ward, Rochester, NY (Robert B. Calihan and David C. MacLean, Jr., Nixon, Hargrave, Devans & Doyle, of counsel), for defendants and defendant-appellee.

James G. Sweeney, Middletown, NY (Shamberg Marwell Cherneff Hocherman Davis & Hollis, P.C., of counsel), for defendant-intervenor-appellant.

Michael H. Sussman, Goshen, NY, for plaintiffs-appellees.

Before: MAHONEY, McLAUGHLIN, and JACOBS, Circuit Judges.

PER CURIAM:

The Orange County Legislature (the "Legislature") appeals from an order entered March 18, 1993 in the United States District Court for the Southern District of New York, Gerard L. Goettel, *Judge,* that denied the Legislature's motion to intervene in this action in order to appeal a decision that Orange County's use of a landfill without a permit from the Army Corps of Engineers violated the Clean Water Act, 33 U.S.C. § 1251 (1988) *et seq.* The county attorney, acting at the direction of the county executive, declined to

---

* This appeal, heard on July 15, 1993, was originally decided by an order filed August 2, 1993. Such a summary disposition has no precedential value under the rules of this court. *See* 2d Cir.R. 0.23. Counsel for defendant-intervenor-appellant Orange County Legislature subsequently requested that this order be published. We have

decided to grant the request and publish the substance of our prior order in this per curiam opinion. *See United States v. Perez,* 702 F.2d 33, 33 n. * (2d Cir.) (per curiam), *cert. denied,* 462 U.S. 1108, 103 S.Ct. 2457, 77 L.Ed.2d 1336 (1983); *O'Hara v. Long Island R.R.,* 665 F.2d 8, 8 n. * (2d Cir.1981) (per curiam).

take the appeal. The Legislature contends that the district court erred in holding that the Legislature: (1) did not have independent standing to intervene; and (2) failed to meet the requirements for intervention as of right under Fed.R.Civ.P. 24(a)(2).

We affirm for substantially the reasons stated by Judge Goettel in his thorough opinion. *See Orange Environment, Inc. v. County of Orange,* 817 F.Supp. 1051 (S.D.N.Y. 1993). In doing so, we note the Legislature's concession at oral argument that there was no collusion between the county executive and the plaintiffs regarding the county executive's decision not to appeal the district court's order. We also take care to specify that the county executive's authority to direct the conduct of this litigation is necessarily checked and balanced by the Legislature's fiscal and policy powers. *See, e.g.,* N.Y. County Law § 226–b (McKinney 1991).

The underlying order at issue merely requires Orange County to obtain a permit from the Army Corps of Engineers before utilizing the landfill. Assuming that proper legislative action is taken, *see Orange County Legislature v. McPhillips,* No. 2593/92 (Supreme Court Orange County filed Sept. 24, 1992), the Legislature may presumably direct the appropriate county officer(s), including the county executive, to seek the permit from the Army Corps of Engineers. Further, the county charter requires the Legislature to approve the appropriation of any county funds. Thus, if any settlement contemplates placing a financial obligation upon the county, the Legislature must first approve that appropriation. Moreover, if the county executive should refuse to follow a direction by the Legislature to apply for the permit, or enter into a settlement that arguably usurps the Legislature's policy-making authority, the Legislature's remedy would be an Article 78 proceeding pursuant to N.Y.Civ.Prac.L. & R. § 7801 (McKinney 1981). *See, e.g., Town of Arietta v. State Bd. of Equalization,* 56 N.Y.2d 356, 361, 452 N.Y.S.2d 364, 367, 437 N.E.2d 1121, 1124 (1982) (Article 78 proceeding is appropriate vehicle to obtain judicial review of administrative implementation of legislatively imposed responsibilities); *Dudley v. Kerwick,* 52 N.Y.2d 542, 551–52, 439 N.Y.S.2d 305, 308, 421 N.E.2d 797, 800 (1981) (Article 78 relief appropriate where tax assessor granted tax exemption in such wholesale fashion as to indicate that he had arrogated legislative authority to create grounds for exemption); *Putnam County Legislature v. Duffy,* 128 Misc.2d 519, 525–26, 489 N.Y.S.2d 983, 988–89 (Sup.Ct.1985) (interest of county legislature in carrying out its mandate and legislative function sufficient to establish standing for Article 78 review of perceived illegal administrative actions; county executive and county attorney ordered to make payment directed by Legislature).

The order of the district court is affirmed.